UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re                                                             FOR PUBLICATION

    JETAUN TUCKER                                     Case No. 15-12185 K

                    Debtor
-----------------------------------------------------------------
D'Youville College
                    Plaintiff

           -vs-                                                    AP No. 16-1001 K

Jetaun Tucker

                    Defendant
-----------------------------------------------------------------

OPINION AND ORDER

Once again this Court is presented with the question as to whether a financial agreement between a student and an educational institution qualifies as a student loan that is non-dischargeable under 11 U.S.C.§523(a)(8).[1]

Chief Judge Bucki has issued two decisions within the past eighteen months in which the same institution, D'Youville College, filed Adversary Proceedings asking the Court to rule that the Debtors' obligations to pay tuition and fees to the College qualified as a non-dischargeable educational loan. Due to the fact patterns being different in those two cases, the holdings went both ways.

In the case of *In re Girdlestone, 525 B.R. 208 (Bankr. W.D.N.Y. 2008)*, Judge Bucki ruled that an obligation to pay tuition did not qualify as an educational loan. He held

---

[1] This Opinion and Order addresses only the non-subsidized relationship between the student and the college. The Debtor here does not dispute the fact that her Perkins Loan is non-dischargeable.

differently in the case of In re *Hardy, 535 B.R. 528 (Bankr. W.D.N.Y. 2015)*, due to the presence of a promissory note in addition to a financial agreement between the parties. "Together, these documents confirm the existence of a contract that satisfies the requirements of a loan."

This writer concurs with Judge Bucki's decisions, and adds only a "wrinkle" that Judge Bucki was not asked to address. The instant case involves only the execution of a financial agreement (the same agreement that was executed by Mrs. Hardy) for the fall semester. Unlike in the *Hardy* case, no promissory note was signed by Ms. Tucker.

D'Youville's contention is that the Financial Agreement entered into between the parties provided all of the terms required of a loan and met the conditions as set forth by the Second Circuit in *Cazenovia College v. Renshaw, 222 F.3d 82 (2000).* In reviewing the Financial Agreement, this writer does not find a specific amount due, as the agreement indicated that an adjustment would be made for financial aid received at a later time. The Agreement contains a monthly interest provision and D'Youville contends that is evidence of an agreement to pay for the goods or services at a later date. D'Youville also argues that the fact that the Debtor was continuously negotiating charges contained on the statements that the College sent to her was further indication of the Debtor having full knowledge of the amount due and owing under the financial agreement and that interest and late charges continued to accumulate. This may be true, but it does not persuade this writer that the Agreement was anything more than a running account.

While drafting the provisions of the Bankruptcy Code, Congress created certain exceptions to discharge, and those exceptions are to be narrowly construed. A creditor

must prove by a preponderance of the evidence that its claim falls within one of the discharge exceptions. *Cazenovia College v. Renshaw, supra* citing *Grogan v. Garner, 498 U.S. 279 (1991)*. In a motion for summary judgment, the moving party has the burden of demonstrating the absence of a genuine issue of material fact, and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).*

There are no disputes between the parties as to the facts in this case. The question is whether this debt is an "educational benefit overpayment or loan" within the meaning of the statute. According to the Second Circuit in the case of *Cazenovia College v. Renshaw, supra* citing a 1914 opinion by the same Court, *In re Grand Union Co., 219 F. 353,* for there to have been a loan "there must be (i) a contract, whereby (ii) one party transfers a <u>defined quantity</u> of money, goods, or services, to another, and (iii) the other party agrees to pay for the sum or items transferred at a later date. This definition implies that the contract to transfer items in return for payment later must be reached prior to or contemporaneous with the transfer." [Emphasis mine.]

It is the holding of this Court that the Financial Agreement entered into between the parties is no more than an agreement to pay for tuition, fees and other registration costs (whatever they turn out to be), at some unspecified future time, and not an "educational benefit overpayment or loan" as contemplated in §523(a)(8)(A)(i). Further, given the fact that no "funds" were "received" by the Debtor, Section 523(a)(8)(A)(ii) does not apply. Section 523(a)(8)(B) excepts from discharge "any other educational loan that is a qualified educational loan...", unless excepting the loan from discharge would impose an undue

hardship on the debtor and debtor's dependents.  As it is the decision of this Court that no "loan" exists, this exception to discharge does not apply.

Given that there appears to be no dispute as to the facts in this case, and for the sake of judicial economy, this Court hereby grants summary judgment in favor of the Defendant as authorized by holdings of the Second Circuit.  "The court may grant summary judgment *sua sponte* to the nonmoving party provided the record is fully developed and the moving party has not suffered procedural prejudice." *In re Masterwear Corp., 233 B.R. 266 (Bankr. S.D.N.Y. 1999)* citing, *Coach Leatherware Co. Inc. v. Ann Taylor, Inc., 933 F.2d 162(2d Cir. 1991)* (additional cites omitted).

For the reasons stated herein, Jetaun Tucker is discharged from her non-subsidized debt to D'Youville College.  Plaintiff's motion for summary judgment is denied and summary judgment is granted for the Defendant, except as to the Perkins loan.

SO ORDERED.

Dated:     Buffalo, New York
           November 1, 2016

                                                             s/Michael J. Kaplan
                                                                  U.S.B.J.